Higginbotham v. Police Officer Curtis Sylvester

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                      *Circuit Judges*.

_____

DOUGLAS J. HIGGINBOTHAM,

                 *Plaintiff-Appellant*,

           v.                                                    16-3994

POLICE OFFICER CURTIS SYLVESTER, SHIELD 5060,
POLICE SERGEANT CHRISTOPHER TOMLINSON,
SHIELD 3686, DEPUTY INSPECTOR THOMAS TAFFEE,

                 *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Jay K. Goldberg, Goldberg & Allen, LLP, New York, N.Y.

Appearing for Appellee:      Ellen S. Ravitch, Assistant Corporation Counsel (Richard P.
                             Dearing, Devin Slack, Assistant Corporation Counsel, *on the
                             brief*), *for* Zachary Carter, Corporation Counsel, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appearing for amici curiae
*in support of Appellant*: [2]   Robert D. Balin, Davis Wright Tremaine LLP (John M. Browning, Abigail B. Everdell, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Douglas J. Higginbotham appeals from the November 2, 2016 decision of the United States District Court for the Southern District of New York (Castel, *J.*) granting summary judgment to the defendant-appellee police officers. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Higginbotham was working as a cameraman, covering the Occupy Wall Street demonstrations in November 2011. At some point, Higginbotham climbed up to the top of a telephone booth at the edge of Zuccotti Park to get a better vantage point to shoot from. He climbed down after a bit, then climbed back up to continue filming. A crowd of people packed in tightly around the phone booth as the demonstration gradually grew heated. At that point, Higginbotham was ordered down from the phone booth by police officers. When he did not comply, the police officers repeated the command several times before Higginbotham came down. He was arrested and issued a criminal summons for disorderly conduct before being released from custody, although he was never prosecuted. Higginbotham sued the City of New York and the individual police officers involved in his arrest. Pursuant to 42 U.S.C. § 1983, he

---

[2] ABC, Inc. Advance Publications, Inc., ALM Media, LLC, The American Society of Journalists and Authors, American Society of News Editors, The Associated Press, Association of Alternative Newsmedia, The Association of American Publishers, Inc., The Association of Magazine Media, Authors Guild, Inc., The Buffalo News, Buzzfeed Inc., Cable News Network, Inc., CBS Broadcasting Inc., The Daily Beast Company LLC., Daily News, LP, Discovery Communications LLC, Dow Jones & Company, Inc., The E.W. Scripps Company, Electronic Frontier Foundation, First Amendment Coalition, First Amendment Lawyers Association, First Look Media Works, Inc., Fox News Network LLC, Free Press, Freedom of the Press Foundation, The Freedom to Read Foundation, Gannett Co., Inc., Hearst Corporation, Inter American Press Association, Media Coalition Foundation, Inc., The Media Consortium, Media Law Resource Center, Inc., Meredith Corporation dba WFSB-TV, National Association of Broadcasters, National Newspaper Association, The National Press Club, The National Press Photographers Association, National Public Radio, Inc., NBCUniversal Media, LLC, New England First Amendment Coalition, New England Newspaper and Press Association, Inc., The New York News Publishers Association, The New York Press Club, The New York Press Photographers Association, The New York State Broadcasters Association, Inc., The New York Times Company, The News Media Alliance, NYP Holdings, Inc. d/b/a New York Post, Online News Association, PEN American Center, Penske Media Corporation, Radio Television Digital News Association, The Reporters Committee for Freedom of the Press, Reporters Without Borders, Reuters America LLC, Sinclair Broadcast Group, Inc., Society of Professional Journalists, Student Press Law Center, Tully Center for Free Speech, Vermont Press Association, Vox Media, and WNYW FOX 5.

asserted claims for false arrest, malicious prosecution, excessive force, assault, and First Amendment retaliation. The district court dismissed all of the claims at the pleading stage other than the false arrest and First Amendment retaliation claims. *Higginbotham v. City of New York*, 105 F. Supp. 3d 369 (S.D.N.Y. 2015) ("*Higginbotham I*"). The parties conducted discovery; then the defendants moved for summary judgment. The district court granted the motion, finding probable cause for arrest existed that was wholly independent of any improper motive to violate Higginbotham's First Amendment right to video the proceedings, assuming such a right exists. *Higginbotham v. City of New York*, 218 F. Supp. 3d 238 (S.D.N.Y. 2016) ("*Higginbotham II*"). This appeal followed.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted). A Section 1983 claim for false arrest is "substantially the same as a claim for false arrest under New York law," and requires a plaintiff to prove that a "defendant intentionally confined him without his consent and without justification." *Id.* "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* "Probable cause is . . . evaluated on the totality of the circumstances." *Jenkins v. City of New York*, 478 F.3d 76, 90 (2d Cir. 2007). The existence of probable cause "will also defeat a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive, in an attempt to silence her." *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012). "An individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause, even if that prosecution is in reality an unsuccessful attempt to deter or silence criticism of the government." *Id.* (internal quotation marks omitted).

To prevail on a First Amendment retaliation claim, plaintiff must prove "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." *Id.* (citation omitted).

Higginbotham argues that summary judgment was not appropriate here because a reasonable factfinder could find that the police acted with a retaliatory motive: to suppress his First Amendment right to video police activities. We disagree. First, probable cause existed to arrest Higginbotham pursuant to New York Penal Law § 120.20, reckless endangerment. "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." *Id.* "A person acts recklessly with respect to a result . . . when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur . . . ." N.Y. Penal Law § 15.05(3). The risk must "constitute[ ] a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.* We agree with the district court that "[t]he undisputed facts support the conclusion that a person of reasonable caution would believe that

3

Higginbotham acted recklessly in creating a substantial risk of serious physical injury to another person." *Higginbotham II*, 218 F. Supp. 3d at 242.

Our panel held this appeal in abeyance pending the Supreme Court's holding in *Lozman v. City of Riveria Beach, Fla.*, 138 S. Ct. 1945 (2018). *Lozman* holds that a plaintiff may prevail on a civil claim for damages for First Amendment retaliation for an arrest made pursuant to a retaliatory official municipal policy, even if there was probable cause for the arrest, if "the alleged constitutional violation was a but-for cause" of the arrest. 138 S. Ct. at 1952 (*citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977)). But it left open the question of whether *Mount Healthy* applies where, as here, the defendants are individual police officers, rather than a municipality. *Id.* at 1953-54. Higginbotham urges us to adopt the *Mt. Healthy* test for First Amendment retaliation claims, but we need not reach the issue. Even assuming arguendo that *Mt. Healthy* applies, on the record developed here, a reasonable fact finder could not find that Higginbotham's exercise of his First Amendment right to video police activities was the "but-for" cause of his arrest.

We have considered the remainder of Higginbotham's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4